IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TREVOR JENKINS, | § | |
| | § | No. 474, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1305019695 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 30, 2020
Decided: August 4, 2020

Before **VAUGHN**, **TRAYNOR,** and **MONTGOMERY-REEVES**, Justices.

## O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Trevor J. Jenkins, filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence. The State has moved to affirm the judgment on the ground that it is manifest on the face of Jenkins's opening brief that his appeal is without merit. We agree and affirm.

(2)     A Superior Court jury found Jenkins guilty of possession of a firearm by a person prohibited ("PFBPP") and possession of ammunition by a person prohibited ("PABPP"). The Superior Court sentenced Jenkins on July 30, 2014. The transcript of the sentencing hearing reflects that the Superior Court sentenced him

as follows: (i) for PFBPP, to eight years of Level V incarceration, of which three years were mandatory, followed by one year of Level IV Crest and one year of Level III Crest Aftercare; (ii) for PABPP, to five years of Level V incarceration, suspended for one year of Level III probation. The original sentencing order was not consistent with the sentence imposed at the sentencing hearing, but the Superior Court later entered corrected orders.[1] This Court affirmed on direct appeal.[2]

(3) On August 19, 2019, Jenkins filed a motion for correction or modification of his sentence. He argued that the initial sentencing order correctly reflected that he was sentenced for PFBPP to eight years of incarceration, suspended after three years. He contended that the later sentencing orders erroneously increased his sentence to eight unsuspended years, contrary to the sentence imposed at his sentencing hearing and without his presence in court or even his knowledge. He also argued that eight years of incarceration is the statutory maximum sentence for his PFBPP offense, and that the Level IV and Level III time therefore cannot exceed six months under 11 *Del. C.* 4204(*l*).[3] The Superior Court denied the motion, and Jenkins has appealed.

---

[1] *Jenkins v. State*, 2015 WL 1331555, at *1 n.1 (Del. Mar. 23, 2015).
[2] *Id.* at *1.
[3] *See* 11 *Del. C.* § 4204(*l*) ("Except when the court imposes a life sentence or sentence of death, whenever a court imposes a period of incarceration at Level V custody for 1 or more offenses that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society. The 6-month transition period required by this subsection may, at the discretion of the court, be in addition to the maximum sentence of

2

(4) We review the denial of a motion for correction of an illegal sentence for abuse of discretion.[4] To the extent that the claim involves a question of law, we review the issue *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(5) The Superior Court did not abuse its discretion by denying the motion. The sentence did not exceed the applicable sentencing range for PFBPP. When a person who has a prior violent felony conviction, as Jenkins did, is convicted of PFBPP, the offense is a Class C felony,[7] which carries a sentence of up to fifteen years in prison.[8] The Superior Court sentenced Jenkins to eight years in prison, followed by two years of decreasing supervision. Title 11, Section 4204(*l*) requires the court to impose "a period of not less than 6 months" of transition time; that provision establishes a minimum, not a maximum, period of transition time.[9] If the

---

imprisonment established by the statute."); *Harris v. State*, 2014 WL 791855 (Del. Feb. 25, 2014) ("[W]here the original sentence imposed is the statutory maximum sentence, then the transition period under Section 4204(*l*) may not exceed six months.").

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[5] *Id.*

[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[7] 11 *Del. C.* § 1448(c), (e)(1).

[8] 11 *Del. C.* § 4205(b)(3).

[9] *Hackett v. State*, 2016 WL 4091242, at *2 (Del. July 18, 2016).

3

court imposes a prison term that is less than the maximum permitted by statute, as it did in this case, the court may also impose a probationary period of more than six months.[10]

(6)     It is also clear from the transcript of the sentencing hearing that the Superior Court imposed an eight-year, unsuspended term of imprisonment for the PFBPP charge.  We do not find Jenkins's assertion that he understood that the sentence would be suspended after three years to be credible.  Jenkins was present at sentencing and heard the court's imposition of the sentence.  Moreover, at the time of Jenkins's offense and sentencing, Section 1448 provided that a sentence imposed under Section 1448(e) could not be suspended.[11]  The Superior Court therefore was not permitted to suspend any part of the sentence it imposed for PFBPP, and the sentence that Jenkins asserts that he believed he received would have been illegal. In addition, this Court's order affirming Jenkins's conviction and sentence on direct appeal recites the eight-year, unsuspended sentence and notes that the initial order contained a clerical error that had been corrected.[12]  Thus, even if Jenkins had misunderstood the court during the sentencing hearing, he would have been aware

---

[10] *Id.* at *2 & n.9.

[11] 11 *Del. C.* § 1448(e)(4) (versions effective June 30, 2012 through Dec. 31, 2016).

[12] *Jenkins*, 2015 WL 1331555, at *1 & n.1.  *See also Brinkley v. State*, 2018 WL 3385614 (Del. July 10, 2018) (stating that correcting a sentence order to conform to the sentence actually imposed by the Superior Court did not illegally enhance the sentence).

4

by March 2015, when his direct appeal was concluded, of the sentence that was actually imposed.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice